UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                                      Case No. 19-cr-20021
                                                   Hon. Matthew F. Leitman

v.

TIMOTHY P. REMBERT-SCROGGINS,

      Defendant.

---

**STIPULATED PRELIMINARY ORDER OF FORFEITURE**

---

The United States, by and through its attorneys, Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, together with Defendant Timothy P. Rembert-Scroggins, individually and by and through his attorney, Richard Korn, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1. The United States filed a First Superseding Information on May 30, 2019, which charged defendant with Counts One and Two, Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). The First Superseding Information contains forfeiture allegations providing, inter alia, notice that upon conviction of the alleged offenses, the United States will seek to forfeit any firearm or ammunition involved in the offense, pursuant to 18 U.S.C. § 924(d)(1). (ECF No.

1

27)

2. The United States filed a First Forfeiture Bill of Particulars on June 7, 2019 (ECF. No. 29) pursuant to Federal Rule of Criminal Procedure 7(f), to provide notice of specific property the Government intends to forfeit upon conviction:

- Smith and Wesson 3914 Pistol CAL:9 SN: VAA1832;
- 19 Rounds Assorted Ammunition CAL:9;
- Taurus International PT111 Millennium G2 Pistol CAL:9 SN:TKS28146;
- 12 Rounds Assorted Ammunition CAL:9;

3. On June 6, 2019, the defendant pled guilty to Count Two of the First Superseding Information, which charges him with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 32) Specifically, the Defendant pled guilty to possessing the Smith and Wesson 3914 Pistol CAL:9 SN: VAA1832 ("Smith and Wesson Firearm").

4. In Defendant's Rule 11 Plea Agreement ("Rule 11"), pursuant to 18 U.S.C. § 924(d), Defendant agreed to the forfeiture of the firearm and ammunition involved in his violation of 18 U.S.C. § 922(g). The parties agree that the Rule 11 forfeiture agreement incorrectly cited the Taurus International PT111 Millennium G2 Pistol CAL:9 SN:TKS28146 as the firearm to be forfeited for his Count Two violation. (ECF No. 32 at 4). This Stipulation correctly provides for the criminal forfeiture of the Smith and Wesson Firearm and ammunition. Consistent with the

intent of the Rule 11 agreement, this Stipulation also provides for the administrative disposition of the remaining seized firearm not being forfeited in these criminal proceedings.

5. In the Rule 11, Defendant agreed to the entry of one or more orders of forfeiture of his interests in such property upon application by the United States at, or any time before, his sentencing in his case.

6. In entering into this Stipulation, Defendant agrees to forfeit, pursuant to 18 U.S.C. § 924(d), the following firearm and ammunition involved in his violation of Count Two of the First Superseding Information:

- Smith & Wesson Pistol, Model 3914, Serial Number: VAA1832;
- 19 Rounds Assorted Ammunition CAL:9; and
- 12 Rounds Assorted Ammunition CAL:9; ("Subject Property").

7. In entering into this Stipulation, Defendant also waives notice of and consents to the administrative forfeiture of one (1) Taurus, Model Millennium G2 PT111, 9mm caliber semi-automatic pistol bearing serial number TKS28146 ("Taurus Firearm") seized from Defendant on or about November 30, 2018. Alternatively, the Defendant hereby abandons any interest he may have in the Taurus Firearm and consents to the destruction of the firearm.

8. In entering into this Stipulation, Defendant agrees to sign any forms necessary to complete the administrative forfeiture or abandonment and destruction

of the Taurus firearm.

9. In entering into this Stipulation with respect to forfeiture, Defendant expressly waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, pronouncement of forfeiture at sentencing and incorporation of forfeiture in the judgment and agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture. Defendant further agrees that this Order shall become final as to Defendant at entry. Defendant also expressly waives his right, if any, to have a jury determine the forfeitability of his interest in the Subject Property.

10. In entering into this Stipulation with respect to forfeiture, Defendant acknowledges that he understands that forfeiture of the Smith and Wesson Firearm and ammunition is part of the sentence that may be imposed on him in this case and waives his right to challenge any failure by the Court to advise him of this at the time that his guilty plea is accepted pursuant to Federal Rules of Criminal Procedure 11(b)(1)(J).

11. In entering into this Stipulation with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any challenge to forfeiture of the Subject Property based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Based on the First Superseding Information, the Rule 11 Plea Agreement, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 924(d), the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish on [www.forfeiture.gov](www.forfeiture.gov), for at least thirty consecutive days, notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any identified Subject Property. Any petition filed by a third party

asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to defendant at entry and forfeiture of the Subject Property shall be made part of the defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that if no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of

Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third-party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture that addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that addresses the disposition of any third-party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

[*THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK*]

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Matthew Schneider United States Attorney

s/Gjon Juncaj – See Attached
Gjon Juncaj
Assistant United States
Attorney 211 W. Fort Street,
Suite 2001
Detroit, MI 48226
(313) 226-0209
Gjon.Juncaj@usdoj.gov
[P63256]

Dated: 7/22/2019

s/Richard Korn – See Attached
Richard Korn
Attorney for Defendant 645 Griswold
St. Ste. 1717
Detroit, MI 48226
(313) 223-1000
rdkorn@sbcglobal.net [P32958]

Dated: 7/3/2019

s/Timothy P. Rembert-Scroggins – See Attached
Timothy P. Rembert- Scroggins

Dated: 7/3/2019

*******************************************

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2019

Matthew Schneider
United States Attorney

S/ *(signature)*
Gjon Juncaj
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-0209
Gjon.Juncaj@usdoj.gov
[P63256]

Dated: 7/22/19

S/ *(signature)*
Richard Korn
Attorney for Defendant
645 Griswold St. Ste. 1717
Detroit, MI 48226
(313) 223-1000
rdkorn@sbcglobal.net
[P32958]

Dated: 7/3/19

*(signature)*
Timothy P. Rembert-Scroggins
Defendant

Dated: 7/3/19

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*