UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING** |
| *Plaintiff,* | |
| v. | |
| | CASE NUMBER: 4:19-cr-20021 |
| TIMOTHY P. REMBERT-SCROGGINS, | |
| *Defendant.* | |
| _____/ | |

## I.   Procedural Background

On November 6, 2019, a Judgment was entered by United States District Judge Matthew F. Leitman committing Defendant to the Federal Bureau of Prisons for a term of 30 months incarceration for Felon in Possession of a Firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 39).

Defendant's term of supervised release began on or about January 19, 2021. (ECF No. 41). On March 23, 2022, District Judge Leitman issued an Arrest Warrant for Defendant's arrest. (ECF No. 42). The warrant was issued based on violations of supervised release conditions pursuant to an order of this court. (*Id.*)

Defendant was arrested in the Eastern District of Michigan in connection with that warrant. On April 28, 2022, Defendant was brought before the Court on an initial appearance for the alleged violations of supervised release conditions.

Defendant was informed of these rights:

> (1) the right to receive written notice of violation and Defendant acknowledged receipt of the same;
> (2) the right to hearings conducted by the sentencing Judge to determine if Defendant is guilty of the alleged violations;
> (3) the right to retain counsel or to request that counsel be appointed if Defendant cannot afford counsel;

(4) the right to a prompt preliminary hearing to determine if probable cause supports the alleged violations under Fed. R. Crim. P. 32.1(a)(3) and (b)(1) if Defendant is held in custody; and
(5) that the preliminary hearing may be waived.

Counsel for Defendant was appointed and present at the initial appearance. Defendant later exercised his right to a detention hearing. Thus, a detention hearing was scheduled.

## II. Detention or Release Standards

As to detention or release, Rule 32.1(a)(6) provides that the magistrate judge may release or detain a defendant under 18 U.S.C. § 3143(a) (the Bail Reform Act) pending further proceedings.

Under 18 U.S.C. § 3143(a)(1), the court **shall order the defendant be detained unless** persuaded by clear and convincing evidence that the defendant is not likely to flee or pose a danger if released under § 3142(b) or (c). Under Federal Rule of Criminal Procedure 32.1(a)(6), "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any person or to the community rests with the person."

## III.   Detention Findings.

The Court's findings and reasons for ordering detention were stated on the record at the May 3, 2022 hearing and are fully incorporated by this reference. The Court finds that it is not persuaded by clear and convincing evidence that Defendant is unlikely to flee or pose a danger if released under § 3142(b) or (c). This evidence was discussed on the record in support of the Court's reasoning and includes, but is not limited to, evidence that: (1) on or about January 22, 2022 Defendant assaulted his girlfriend by grabbing her throat, then throwing her to the ground; (2) on or about January 23, 2022 Defendant threatened the life of his girlfriend, while possessing a butcher knife; the threat was witnessed by the victim's sister and overheard by a neighbor that reported the incident using 911; and (3) Defendant also failed to advise his supervising officer of his contacts with law enforcement.

## IV.   Order

I **ORDER** the detention of Defendant without bail pending his supervised release violation hearing before District Judge Matthew F. Leitman.

Date: May 3, 2022                               S/
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record and served by other electronic means on the U.S. Marshal Service.

Date: May 3, 2022                               By s/ Kristen MacKay
                                                Case Manager